**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **FOSTER MOWREY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No.: 1:12-cv-121** |
| | ) | |
| **CITY OF FORT WAYNE,** | ) | |
| **SERGEANT C.M.** | ) | |
| **TAYLOR (PE#1311-FWPD),** | ) | |
| **and JOHN DOES (unidentified Fort Wayne** | ) | |
| **City Police Officers and Members of the** | ) | |
| **Emergency Services Team),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

On October 15, 2013, the Court held a hearing (Docket # 39) on Defendants City of Fort Wayne (the "City") and Sergeant Taylor's fully-briefed Motion for Judgment on the Pleadings. Present for the Plaintiff, Foster Mowrey, was Attorney Ilene Smith and present for the Defendants was Attorney Carolyn Trier.

For the reasons stated on the record, the Court TOOK UNDER ADVISEMENT whether Mowrey's Notice of Tort Claim contained a false arrest claim; DENIED the motion in part for the 42 U.S.C. § 1983 claims of excessive force, unlawful entry, and false arrest against Taylor individually, as well as the state law battery claims against Taylor individually and the City under a theory of respondeat superior; and otherwise GRANTED the motion for all other claims.

Turning to the matter under advisement, for the following reasons Mowrey's tort claim fails to provide notice of any state law false arrest claim, and therefore, that claim will be DISMISSED.

## II.  ANALYSIS

Mowrey asserts that the City and Taylor are liable for the state law claim of false arrest. The Defendants argue that Mowrey has not preserved his state law false arrest claim because he failed to comply with the notice requirement of the Indiana Tort Claims Act ("ITCA").  "The ITCA governs tort claims against governmental entities and public employees."  *Gutierrez v. City of Indianapolis*, 886 F. Supp. 2d 984, 1000 (S.D. Ind. 2012).  "[T]he ITCA places limitations on Indiana's liability by barring a potential plaintiff's suit unless he or she complies with the notice requirements."  *Brown v. Alexander*, 876 N.E.2d 376, 380 (Ind. Ct. App. 2007).

"The purpose of the ITCA is 'to advise the city of the [incident] so that it may promptly investigate the surrounding circumstances.'"  *City of Indianapolis v. Buschman*, 988 N.E.2d 791, 793 (Ind. 2013) (quoting *Collier v. Prater*, 544 N.E.2d 497, 498 (Ind. 1989).  Pursuant to the ITCA, a notice must:

> describe in short and plain statements the facts on which the claim is based.  The statement must include the circumstances which brought about the loss, the extent of loss, the time and place the loss occurred, the names of all persons involved if known, the amount of damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

Ind. Code § 34-13-3-10.

Even when the notice fails to strictly comply with these requirements, it is still sufficient if it "substantially complies with the content requirements of the statute, such that the purpose of the statute is satisfied . . . ."  *Buschman*, 988 N.E.2d at 794.  Substantial compliance is a question of law and depends on the facts of the case.  *Id.*  "The crucial consideration is whether the notice

supplied by the claimant of his intent to take legal action contains sufficient information for the

city to ascertain the full nature of the claim against it so that it can determine its liability and

prepare a defense." *Collier*, 544 N.E.2d at 500.  Failure to comply with the notice requirement

subjects a claim to dismissal.  *F.B. Boushehry v. City of Indianapolis*, 931 N.E.2d 892, 896 (Ind.

App. Ct. 2010).

> In the present case, Mowrey's notice states:

> Complainant and his girlfriend, Vanessa Moyer, got into an argument.  Complainant
> came back to the house to get his bag.  While he was inside the house and his
> girlfriend was outside the house, the police beat on the door; they came in without
> a warrant; they drug the Complainant downstairs, and they charged Complainant
> with disorderly conduct which charge has been dismissed.  The Fort Wayne City
> Police SWAT Team, complete with police officers with black masks on, came in and
> threw the Complainant down the stairs, kicked his face, put their feet on his head,
> body slammed the Complainant, and otherwise caused him physical pain.  They
> cuffed the Complainant so tightly that his hands became numb.  Complainant alleges
> that the officers used excessive force in violation of the Fourth Amendment, and
> assaulted and battered the Complainant.

> At the hearing on the Defendants' motion, Mowrey's counsel argued–without

elaboration– that although the terms "false arrest" and "probable cause" are not in the notice,

notice of the false arrest claim is found in the statement "the police beat on the door; they came

in without a warrant; they drug the Complainant downstairs, and they charged Complainant with

disorderly conduct which charge has been dismissed."  In essence, Mowrey's counsel argued

that his false arrest claim is not subject to dismissal because it substantially complies withe the

notice requirement.

> In response, the Defendants' counsel argued that the notice only contained facts about the

state law battery claim, and that while the term "battered" is stated at the end of the notice,

notably "false arrest" is not.  Defendants' counsel also argued that just because Mowrey's

charges were dismissed does not mean he was arrested without probable cause; therefore, according to the Defendants, Mowrey's notice falls short of notifying them of a false arrest claim.

Fundamentally, "[Mowrey's] notice of tort claim did not serve the purposes of the notice requirement as it relates to his state law false arrest claim; therefore, it was not in substantial compliance with it." *Gutierrez*, 886 F. Supp. 2d at 1000.  The notice did not "contain sufficient information for the city to ascertain the full nature of the claim against it."  *See F.B. Boushehry,* 931 N.E.2d at 895 (citation and quotation omitted).  This is because although the notice advised the Defendants of the battery claim, the "notice did not mention a claim of 'false arrest' or provide the City with any indication that [Mowrey] would be raising a claim of false arrest under Indiana law." *Gutierrez*, 886 F. Supp. 2d at 1000 (dismissing false arrest claim and preserving battery claim because the "notice did not contain information regarding [plaintiff's] false arrest claim, [therefore,] the City was not given enough information to ascertain the full nature of the claims against it"); *F.B. Boushehry*, 931 N.E.2d at 896 (affirming dismissal "because the claims raised by [the plaintiff] were entirely different from the claim that was identified in his [prior] notice")*; Cf. Buschman*, 988 N.E.2d at 795 (finding substantial compliance with notice requirement because inaccurate information in notice about extent of plaintiff's injuries was "beyond what the statute requires");.

After all, the two statements highlighted by Mowrey's counsel–while perhaps enough to give rise to a claim of warrantless entry–do not come close to informing the Defendants of the false arrest claim. *See Flores v. Lackage*, No. 10-CV-06026, 2013 WL 1340567, at *4 (explaining that warrantless entry and false arrest are distinct legal theories).  And just because

the charges against Mowrey were later dismissed, that is insufficient to notify the Defendants that they are about to be sued for false arrest.  *See Shea v. Muensterman*, 2 F. App'x 528, 528 (7th Cir. 2001) (affirming dismissal of plaintiff's § 1983 claims because although criminal charges had been dismissed for lack of probable cause, probable cause existed at the time of plaintiff's arrest).

Accordingly, judgment on the pleadings will be granted in favor of the Defendants in regard to the state law claim for false arrest.

## V. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Judgment on the Pleadings DENIED IN PART for the 42 U.S.C. § 1983 claims of excessive force, unlawful entry, and false arrest against Taylor, and the state law battery claims against Taylor individually and the City under a theory of respondeat superior; but otherwise GRANTED for all other claims.  Counsel are directed to submit a proposed Pretrial Order, on or before October 24, 2013, that conforms to this ruling.  This matter is set for a further Pretrial Conference on October 31, 2013, at 2:45 p.m.

SO ORDERED

Enter for this 17th day of October, 2013

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge