UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **FOSTER MOWREY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:12-CV-121 |
| ) | |
| **CITY OF FORT WAYNE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This matter is before the Court[1] on the motions *in limine* filed by Plaintiff Foster Mowrey (Docket # 50) and Defendants City of Fort Wayne and Sergeant Charles Taylor (Docket # 51). For the following reasons, Plaintiff's motion *in limine* will be GRANTED IN PART and DENIED IN PART, and Defendants' motion in limine will be GRANTED.

### I.  FACTUAL AND PROCEDURAL HISTORY

Mowrey is suing the Defendants under 42 U.S.C. § 1983 and Indiana state law. His claims arise out of events that occurred on or about the early hours of September 1, 2010, at the upstairs apartment he purportedly shared with his then-girlfriend, Vanessa Moyer, located at 1115 High Street. Fort Wayne police officers entered the upstairs apartment without a warrant, removed him from the premises, and arrested him. Mowrey contends that the officers' entry into the apartment, his arrest, and the excessive force employed during the arrest violated the Fourth Amendment, and also that the force constituted a battery under Indiana state law. Defendants claim that they had consent to enter the apartment and that exigent circumstances existed to enter;

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (Docket # 15.)

that they had probable cause to arrest Mowrey; and that they used reasonable force during the arrest. Furthermore, Sergeant Taylor contends that he was at a command post several blocks away at the time, and thus, did not enter the apartment or have contact with Mowrey; Sergeant Taylor claims that the only contact he had with Mowrey was after the incident when he arrested Mowrey at St. Joseph's Hospital.

## II.  NATURE OF AN ORDER *IN LIMINE*

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part) (citation omitted). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion *in limine* is not a final ruling on the admissibility of the evidence that is the subject of the motion; rather, an order on a motion *in limine* is essentially an advisory opinion, "merely speculative in effect." *See Wilson*, 182 F.3d at 570-71 (citing *Luce v.*

2

*United States*, 469 U.S. 38, 41 (1984)).

### III.  MOWREY'S MOTION *IN LIMINE*

#### A.  *Unopposed Portions of Mowrey's Motion* in Limine *(Nos. 3-6)*

Defendants do not object to Mowrey's efforts to preclude references or allusions to attorney fees; settlement negotiations; tax considerations; or "send a message" arguments in opening or closing statements.  As such, Mowrey's motion is GRANTED as to these matters.

#### B.  *Narrative Reports of Sergeant Taylor and Other Testifying Police Officers (No. 1)*

Mowrey first seeks to bar any narrative reports by Sergeant Taylor and other officers who may testify, claiming they are biased, prejudicial, and constitute inadmissible hearsay.  In response, Defendants contend that the reports are admissible under Federal Rules of Evidence 803(8) (public records and reports) and 803(5) (recorded recollection).

The reliability of police reports is "neither automatic nor presumed." *Downie v. Klincar*, 759 F. Supp. 425, 428 (N.D. Ill. 1991).  "Police reports of any kind are inherently more subjective than laboratory reports of chemical tests, and . . . a police officer's description of events as he witnessed them lacks . . . objective certainty." *Id*. (citations and internal quotation marks omitted). They "may be demonstrably reliable evidence of the fact that an arrest was made, [but] they are significantly less reliable evidence of whether the allegations of criminal conduct they contain are true." *Id*. (alteration in original) (quoting *United States v. Bell*, 785 F.2d 640, 644 (8th Cir. 1986)).  Indeed "such evidence is 'dripping with motivations to misrepresent' and accordingly lacks the trustworthiness necessary to qualify under the business records exception." *Id*. (citation omitted).

Presumably, the narrative reports may indeed be admissible, at least in part, under Rule 803(8) as public records and reports, although certain hearsay statements within the reports may

3

need to be redacted.  However, without having an opportunity to rule in the context of the trial, the admissibility of the documents and the prejudicial effect of the imbedded statements cannot be ascertained.  Therefore, at this juncture, Mowrey's motion *in limine* is GRANTED.  Counsel are directed to confer in an effort to reach a stipulation concerning suitable redactions.  Moreover, until Defendants have laid a proper foundation, such narrative reports may not be read into evidence under Rule 803(5).

*C.  Mowrey's Criminal Record (No. 2)*

Next, Mowrey attempts to bar evidence regarding his criminal record, particularly his prior convictions, arrests, and alleged bad acts unaccompanied by conviction.

1. <u>Arrests That Did Not Lead to a Conviction</u>

Prior arrests that did not lead to a conviction are usually inadmissible under Rule 403's balancing test and Rule 404(b)'s bar against character evidence. *See Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1024 (N.D. Ill. 2011).  Defendants do not suggest otherwise, and thus, Mowrey's prior arrests that did not result in a conviction will be excluded.

2. <u>Felony Convictions</u>

Rule 609(a) governs the admissibility of felony convictions and provides that evidence of a witness's criminal conviction is admissible for purposes of impeachment, subject to Rule 403, "if the crime was punishable by death or imprisonment in excess of one year." Fed. R. Evid. 609(a)(1).  However, if more than ten years have passed since the witness's conviction or release from confinement for it, whichever is later, evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

According to Defendants' recount of Mowrey's criminal history, Mowrey has six felony

convictions in the last ten years: (1) attempted theft in November 2004; (2) theft in November 2004; (3) felony burglary in September 2005; (4) resisting law enforcement in 2008; (5) battery resulting in bodily injury in June 2011; and (6) possession of cocaine or Schedule I or II narcotic drug (more than three grams) in September 2013. (Defs.' Resp. to Pl.'s Mot. in Limine 4.) Mowrey asserts that these felonies should be excluded under Rule 403 as unduly prejudicial toward him, claiming they are unrelated to the reason the officers entered his apartment and arrested him, and will merely "inflame the emotions of jurors towards animosity towards" him. (Pl.'s Mot. in Limine 2.)

But Mowrey's testimony is important to this action and contradicts, at least to some extent, Defendants' telling of the events; consequently, Mowrey's credibility is central to his case. *See, e.g.*, *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997). Therefore, the theft, burglary, and drug convictions are admissible, subject to an appropriate limiting instruction.[2] To minimize the risk of undue prejudice, Defendants are limited to submitting into evidence solely the date, charge, and disposition of the convictions. *See, e.g., Charles v. Cotter*, 867 F. Supp. 648, 656 (N.D. Ill. 1994) (concluding that the witness's felony convictions were probative evidence of his credibility and that any prejudicial effect was reduced by limiting the cross-examination "to the crime charged, the date, and the disposition (i.e., guilty or not guilty–not length of sentence) with respect to felony convictions during the past ten years").

However, under Rule 403, the probative value of Mowrey's convictions for resisting law enforcement and battery is substantially outweighed by the danger of unfair prejudice to him, as

---

[2] Defendants also want to admit Mowrey's more-than-ten-year-old conviction in December 2000 (sentenced to community control) and August 2002 (probation revoked and sentenced to twelve months imprisonment) for felony aggravated possession of drugs. But the probative value of this dated evidence does not substantially outweigh its prejudicial effect, and thus this evidence is not admissible under Rule 609(b)(1).

"a jury might improperly consider evidence of his prior convictions for similar offenses as an indication that the officers had a reason to suspect him of the same activity here." *Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 854 (N.D. Ill. 2001). In addition, the attempted theft conviction will be kept out because it might be prejudicial to overload the factfinders by putting in all six of Mowrey's felony convictions; in that regard, the jury might determine as a result of the sheer number of convictions that, regardless of the facts at trial, Mowrey is a person not deserving of relief. *See, e.g.*, *Wilson v. Groaning*, 25 F.3d 581, 585-86 (7th Cir. 1994) (finding that the district court did not abuse its discretion by admitting three of the plaintiff's six convictions).

Consequently, Mowrey's felony convictions for theft, burglary, and drug possession are admissible under Rule 609(a)(1) for purposes of impeachment, but not his convictions for attempted theft, resisting law enforcement, or battery.

3. Convictions Involving Crimes of Dishonesty

In addition, Rule 609(a)(2) provides that evidence of a witness's criminal conviction for any crime regardless of the punishment is admissible for purposes of impeachment "if the court can readily determine that establishing the elements of the crime required proving–or the witness's admitting–a dishonest act or false statement." These convictions also are subject to the limit on using the evidence after ten years set forth in Rule 609(b).

Defendants seek to admit for purposes of impeachment Mowrey's two misdemeanor convictions for criminal conversion and three misdemeanor convictions for criminal trespass, as well as one class C infraction for false and fictitious registration, which all occurred within the past ten years. (Defs.' Resp. to Pl.'s Mot. in Limine 4-5.) Defendants conclusorily assert that these convictions are all "crimes of dishonesty" and thus admissible under Rule 609(a)(2).

6

But "Rule 609(a)(2) applies to crimes involving 'some element of misrepresentation or other indication of a propensity to lie and exclud[es] those crimes which, bad though they are, do not carry with them a tinge of falsification.'" *Coles v. City of Chicago*, No. 02 C 9246, 2005 WL 1785326, at *1 (N.D. Ill. July 22, 2005) (quoting *United States v. Amaechi*, 991 F.2d 374, 378 (7th Cir. 1993)). Here, Defendants have made *no* effort to demonstrate that Mowrey's criminal conversion and criminal trespass convictions should be presumed to involve dishonesty or a false statement. *See, e.g.*, *United States v. Wiman*, 77 F.3d 981, 986 (7th Cir. 1996) (affirming district court's refusal to admit misdemeanor conviction for theft in absence of showing that it involved dishonesty or false statements); *Gonzalez v. Litscher*, No. 01-C-521-C, 2002 WL 32362233, at *1 (W.D. Wis. Oct. 22, 2002) (admitting plaintiff's conviction for issuing worthless checks, but declining to admit convictions for theft). And Mowrey's class C infraction for false and fictitious registration reflects a civil proceeding, not a crime. *See Lepucki v. Lake Cnty. Sheriff's Dept.*, 801 N.E.2d 636, 638 (Ind. Ct. App. 2003); *Hevenor v. State*, 784 N.E.2d 937, 941 (Ind. Ct. App. 2003). Therefore, these convictions and infraction are not admissible under Rule 609(a)(2).[3]

    4. <u>Convictions Relevant to Mowrey's Alleged Emotional Harm</u>

Finally, if Mowrey claims emotional harm from the September 1, 2010, incident, Defendants ask to rebut such evidence with: (1) Mowrey's misdemeanor conviction of possession of marijuana/hash oil/hashish in June 2011, and (2) his conviction for felony aggravated possession of drugs in 2000 and 2002 (discussed earlier in footnote 2). Defendants contend that these convictions are relevant to show other reasons for the alleged emotional harm–that is, Mowrey's arrest for drugs subsequent to September 1, 2010, and his apparent use of illegal drugs.

---

[3] Nor will the Court admit Mowrey's more-than-ten-year-old misdemeanor conviction in May 2003 for criminal conversion. And in any event, the probative value of this dated conviction does not substantially outweigh its prejudicial effect, and therefore it is inadmissible under Rule 609(b)(1).

7

As to the felony conviction, the probative value, if any, of this evidence is substantially outweighed by the risk of confusing the issues, wasting time, and unfair prejudice to Mowrey. Fed. R. Evid. 403.  Simply because Mowrey was convicted for possession of drugs more than ten years earlier does not mean that he used drugs after the September 2010 incident or suffered emotional distress to a lesser degree from his arrest.

With respect to the misdemeanor drug conviction, it would not be admissible under Rule 609(a)(2) because it is not a crime of dishonesty. *See Coles*, 2005 WL 1785326, at *1.  However, if Mowrey claims emotional harm from the September 1, 2010, arrest that extends to June 2011, and beyond, he may open the door to the details of his June 2011 misdemeanor drug and felony battery convictions, as Mowrey's subsequent arrests and purported substance and alcohol abuse (to be further discussed *infra*) could be other potential causes for his purported emotional harm. *See* Fed. R. Evid. 404(b).  For that same reason, if Mowery claims emotional harm that extends beyond September 2013, the details of his September 2013 felony drug conviction may become admissible under Rule 404(b).

Accordingly, Mowrey's motion in limine concerning his criminal record is GRANTED IN PART and DENIED IN PART.

D. *Evidence of Alleged Alcohol Abuse, Substance Abuse, or the Treatment Thereof (No. 7)*

Mowrey seeks to exclude any evidence that he had at some point on the day of his arrest, or prior to his arrest, abused alcohol or drugs or in the past received treatment for alleged alcohol or substance abuse.  He explains that prior substance or alcohol abuse is a prior bad act, and therefore inadmissible character evidence under Rule 404(b), and that evidence of treatment for substance or alcohol abuse would be unduly prejudicial to him.

But Mowrey's physical condition at the time of the incident, including whether he was

intoxicated or under the influence of any narcotics, is relevant to the jury's evaluation of his credibility and thus admissible on cross-examination for the purposes of challenging his perception of the events. *See Casares v. Bernal*, 790 F. Supp. 2d 769, 785-86 (N.D. Ill. 2011) ("Where there is reason to believe that alcohol or [narcotics] has seriously impaired a witness's memory of the events to which he is testifying or prevented him from understanding the events at the time they occurred, evidence of his drug or alcohol use is admissible." (citing *United States v. Spano*, 421 F.3d 599, 606 (7th Cir. 2005))).  If Mowrey was impaired at the time of the incident, his ability to observe, recall, and recount the events of September 1, 2010, are called into question, making testimony about his behavior on that day admissible.

And Defendants' testimony about their perception of Mowrey and his behavior before and during his arrest is relevant not only for the reasons stated above, but also because evidence that Mowrey was intoxicated makes it more likely that he acted how Defendants say he acted. *Casares*, 790 F. Supp. 2d at 785-86; *see Saladino v. Winkler*, 609 F.2d 1211, 1214 (7th Cir. 1979) (stating that in an excessive force case the plaintiff's intoxication was relevant to the reasonableness of his conduct at that time, and its probative value was not substantially outweighed by the danger of unfair prejudice as the evidence tends to make it more probable that the plaintiff acted as the defendant contended).  The evidence of Mowrey's alleged intoxication helps to explain the facts and circumstances that Defendants confronted before, during, and after the arrest. *Casares*, 790 F. Supp. 2d at 786; *see Graham v. Connor*, 490 U.S. 386, 397 (1989).

Although evidence of Mowrey's intoxication could paint him in a bad light, "that prejudicial impact is substantially outweighed by its probative value." *Casares*, 790 F. Supp. 2d at 786 (citing Fed. R. Evid. 403).  Mowrey's hospital records on September 1, 2010, indicate that he was intoxicated and, in any event, evidence of intoxication is not limited to medical

9

measurements like blood alcohol level, as "[o]ther indicators are well within the experience of the average adult." *Acevedo v. Canterbury*, No. 03 C 0073, 2004 WL 1166602, at *1 (N.D. Ill. May 24, 2004). As such, the officers are allowed to testify as to what they observed regarding Mowrey's behavior during the incident.

In contrast, Mowrey's alleged substance and alcohol abuse on days other than the date in question has very limited probative value and would tend to lead the jury to conclude that he has bad character. Fed. R. Evid. 404(b); *see, e.g.*, *Casares*, 790 F. Supp. 2d at 784. Therefore, it is not admissible. However, if Mowrey claims emotional harm stemming from the September 1, 2010, incident, his alleged substance and alcohol abuse becomes relevant to his damages claim. Should the jury find Defendants liable, it will then have to determine which, if any, of Mowrey's injuries were proximately caused by Defendants' wrongful conduct. In order to do so, the jury must be informed of other potential causes of Mowrey's emotional injuries, such as alcohol or substance abuse. *See, e.g.*, *Orlowski v. Eriksen*, No. 07 C 4015, 2009 WL 2366050, at *2-3 (N.D. Ill. July 31, 2009) (admitting evidence of plaintiff's alcoholism as probative to his claim of damages for mental anguish).

Accordingly, Mowrey's motion *in limine* is DENIED as to his alleged impairment at the time of the incident. Mowrey's motion is provisionally GRANTED with respect to his other alleged alcohol and substance abuse, but if he claims emotional harm from the September 1, 2010, incident, he will have opened the door to such evidence and it will be admitted.

### E. Allegations that Mowrey Was Physically Abusive or Threatening Towards Ms. Moyer (No. 8)

Mowrey also moves to preclude any allegations that he was physically abusive or threatening towards Ms. Moyer, his then-girlfriend, contending that this information is not only

unduly prejudicial and inflammatory, but also would constitute prior bad acts and is therefore inadmissible character evidence under Rule 404(b). Defendants maintain, however, that this information is relevant to the totality of the circumstances concerning why the police officers were called to and entered the apartment to remove Mowrey.

In an excessive force case, the circumstances that matter in a jury's determination of whether an officer's actions were objectively reasonable are only "those circumstances known and information available to the officer at the time of his action." *Sherrod v. Berry*, 856 F.2d 802, 804 (7th Cir. 1988) (en banc). This requires a jury to "stand in the shoes of the officer and judge the reasonableness of his actions based on the information he possessed in responding to that situation." *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011) (citing *Sherrod*, 856 F.2d at 804-05).

Under this legal standard, testimony and evidence that Mowrey was purportedly physically abusive or threatening to Ms. Moyer on September 1, 2010, is relevant and admissible. The officers were dispatched to the apartment in response to a domestic dispute involving Mowrey, and officers were purportedly advised that Mowrey was armed with a firearm and had threatened to harm Ms. Moyer. This information is relevant to whether the officers' actions were objectively reasonable based on the information they possessed at the time of the incident. *See Common*, 661 F.3d at 943; *Sherrod*, 856 F.2d at 804. And contrary to Mowrey's assertion, the fact that Ms. Moyer was no longer in the apartment when the police arrived does not render this information irrelevant since Mowrey presumably was still armed. Therefore, under Rule 403, the probative value of this evidence to the excessive force inquiry substantially outweighs the danger of unfair prejudice to Mowrey. Accordingly, Mowrey's motion *in limine* is DENIED as to this evidence.

### F.  Allegations That Mowrey Held Anyone Hostage
### in the Apartment or Was Barricaded Inside (No. 9)

Mowrey also seeks to preclude any allegations that he held anyone hostage in the apartment or that he was barricaded inside, emphasizing that he simply "had an argument with his girlfriend" and "[a]t no point on September 1, 2010, did [he] ever hold anyone hostage, or barricade himself inside the apartment." (Pl.'s Mot. in Limine 4.)  He contends that allowing such evidence would be unduly prejudicial and inflammatory.

But as with the allegations that he was physically abusive or threatening towards Ms. Moyer, if the officers were advised beforehand that the situation at the apartment involved a possible hostage or barricade, then this information is relevant as to what the officers knew when they entered the apartment and used force against Mowrey.  Accordingly, Mowrey's motion *in limine* is DENIED as to this evidence.

### IV.  DEFENDANTS' MOTION *IN LIMINE*

#### A.  *Unopposed Portions of Defendants' Motion* in Limine *(Nos. 2 and 3)*

Mowrey does not object to Defendants' efforts to preclude references or allusions to settlement negotiations or whether the City of Fort Wayne will likely be paying for any judgment against Sergeant Taylor.  As such, Defendants' motion is GRANTED as to these matters.

#### B.  *Citizen Complaints, Other Criminal or Civil Actions, or Discipline Against Sergeant Taylor or Any Testifying Officer and Information Contained in the Officers' Personnel File with the Fort Wayne Police Department (No. 1)*

Defendants seek to exclude evidence of prior criminal and civil actions, citizen complaints, or discipline taken against Sergeant Taylor or other testifying officers during their tenure as law enforcement officers.  Defendants argue that the probative value of any such legal actions or complaints is substantially outweighed by the prejudice to Defendants, and thus, should

be excluded under Rule 403.  In response, Mowrey contends that any prior criminal or civil actions or discipline that were administered to Sergeant Taylor or other testifying officers constitutes evidence of habit and routine practice admissible under Rule 406, as well as evidence of prior crimes or bad acts admissible under Rule 404(b) to show *modus operandi*.

But Mowrey provides no evidence establishing the necessary "degree of specificity and frequency" to admit evidence of habit or routine practice under Rule 406. *See Simplex, Inc. v. Diversified Energy Systems, Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988) ("[B]efore a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." (internal citations omitted)).  And as to Rule 404(b), Mowrey fails to provide any evidence that Sergeant Taylor or other testifying officers alleged prior bad acts "bear a singular strong resemblance" to Mowrey's allegations of false arrest, unlawful entry, use of excessive force, or battery. *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000) (citations and internal quotations marks omitted).  Consequently, Mowrey's purported "modus operandi evidence becomes nothing more than the character evidence that Rule 404(b) prohibits." *Id*. (citation omitted).

Furthermore, under Rule 403, the probative value of any prior legal actions or complaints involving the officers is substantially outweighed by the likelihood of causing mini-trials, undue delay, jury confusion, and unfair prejudice to Defendants.  Accordingly, Defendants' motion *in limine* is GRANTED with respect to any evidence of unrelated criminal and civil actions, citizen complaints, or discipline taken against Sergeant Taylor or other testifying officers during their tenure as law enforcement officers.

*C. The Outcome of the Criminal Charge for Disorderly Conduct (No. 4)*

Defendants also argue that the dismissal of the criminal charge against Mowrey is irrelevant to whether they had probable cause to arrest him and must therefore be excluded at trial. They contend that probable cause to arrest must be judged solely by analyzing whether the facts and circumstances available at the time of arrest warranted a reasonable officer in believing that the accused had committed a crime. In response, Mowrey asserts that if Defendants are allowed to introduce evidence of his arrest but he is barred from showing that the charge was ultimately dismissed, a "conceptual void" will occur, leading to jury confusion. (Pl.'s Mem. in Opp'n to Defs.' Mots. *in Limine* 3.)

Defendants are correct; the outcome of Mowrey's criminal case is not relevant to the issue of whether Defendants had probable cause to arrest him. "The relevant inquiry" in a probable cause analysis "is whether [the officer] acted objectively reasonable in light of the facts and law known to him at the time of . . . arrest–not upon subsequent legal analysis." *Forman v. Richmond Police Dept.*, 104 F.3d 950, 962 (7th Cir. 1997); *see also Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003) ("It was not an abuse of discretion for the court to grant the officers' motion *in limine* to bar . . . the disposition of the underlying criminal charges, because these were not facts within the officers' knowledge at the time of the arrest . . . ."); *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990) ("[T]he mere fact that [plaintiff] was acquitted of the crime for which he was initially arrested does not lead to section 1983 liability for the arresting officer."). The disposition of Mowrey's criminal charge will therefore be excluded.

Moreover, under Rule 403, the probative value of this evidence is substantially outweighed by its prejudicial effect, since the jury may equate dismissal of the charge with a complete exoneration, and therefore, impermissibly determine that Defendants had no probable

14

cause to make the arrest. After all, the prosecutor's decision not to pursue the charge against Mowrey does not necessarily mean that he was innocent; it could simply mean that there was insufficient evidence to convict. *See, e.g.*, *Padilla v. City of Chicago*, 932 F. Supp. 2d 907, 928 (N.D. Ill. 2013). In short, the tenuous relevancy of this evidence does not outweigh the risk that it will confuse and mislead the jury and unduly prejudice Defendants. Accordingly, Defendants' motion *in limine* is GRANTED with respect to this evidence.

### D. Two Portions of Mowrey's Testimony (No. 5)

Finally, Defendants seek to preclude two portions of Mowrey's expected testimony as hearsay. Rule 801(c) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, that a party "offers in evidence to prove the truth of the matter asserted in the statement." Unless an exception applies, hearsay is inadmissable. Fed. R. Evid. 802.

Defendants first seek to prevent Mowrey from testifying that Ms. Moyer told him she did not give the officers permission to enter the apartment. This indeed meets the definition of hearsay, and Mowrey does not disagree, merely reciting in response that the testimony should be permitted if it meets an exception to the hearsay rule or if used for a non-hearsay purpose. But until Mowrey actually identifies an applicable hearsay exception or non-hearsay purpose, Defendants' motion *in limine* concerning this testimony will be GRANTED.

In addition, Defendants want to suppress any testimony by Mowrey that property was allegedly damaged or taken from the apartment (in particular, $1,500 in cash) since his property damage claims have been dismissed. Mowrey suggests that this information is still relevant "to show motive for the beating" and arrest without probable cause. (Pl.'s Mem. in Opp'n to Defs.' Mot. in Limine 4.) But Mowrey's assertion of motive is not logical, as there is *no* evidence that

the officers knew of cash in the apartment prior to entry; and Mowrey alleges that upon entry the officers immediately employed excessive force, dragged him down the stairs, and handcuffed him. (Docket # 49, 53.)  Under Rule 403, the probative value, if any, of Mowrey's testimony about property that was allegedly damaged or taken from the apartment is substantially outweighed by the risk of confusing the issues, misleading the jury, and wasting time.  Therefore, Defendants' motion *in limine* pertaining to this testimony will also be GRANTED.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* (Docket # 50) is GRANTED IN PART and DENIED IN PART as set forth herein, and Defendants' motion *in limine* (Docket # 51) is GRANTED.  It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury.  Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for the 12th day of December, 2013.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge