UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **FOSTER MOWREY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:12-CV-121 |
| | ) |
| **CITY OF FORT WAYNE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### OPINION AND ORDER

This matter is before the Court on Plaintiff Foster Mowrey's supplemental motion *in limine* No. 10, seeking to exclude any and all reference to the purported consent given by Vanessa Moyer to search her apartment on September 1, 2010. (Docket # 82.) For the following reasons, Mowrey's supplemental motion *in limine* will be DENIED.

### I.  ANALYSIS[1]

The thrust of Mowrey's supplemental motion *in limine* is that any reference to Ms. Moyer's purported consent is excludable because the Defendants failed to produce an executed written consent form, which had previously been listed in Defendants' supplemental initial disclosures. Mowrey argues–without any citation to a statute, rule of evidence, or case–that Defendants' failure to produce the consent form prejudices him as he is unable to determine the authenticity and validity of the consent given; and therefore, no mention of consent should occur.

Put simply, Mowrey's argument is without merit as the Defendants' inability to produce a signed written consent form is not conclusive on whether consent was given by Ms. Moyer.

---

[1] The Court assumes the reader is familiar with the factual and procedural history and the standard of analysis for an order *in limine*. (*See* Docket # 68.)

Federal Rule of Evidence 1004 explicitly contemplates situations in which the original document cannot be found, and states "[t]he original is not required, and other evidence of the contents of a writing . . . is admissible if . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith. *Walters v. PDI Mgmt. Servs.*, 1:02-cv-1100, 2004 WL 2137513, at *4 (S.D. Ind. June 14, 2004) (quoting Fed. R. Evid. 1004).

Moreover, in the context of lost or misplaced consent forms, courts have long found that "[w]hen an executed written consent is lost or destroyed, the [party seeking to introduce its contents] may introduce secondary evidence that such consent was properly executed." *United States v. Shaprow*, No. Civ-78-260, 1979 WL 1464, at *3 (W.D.N.Y. Sept. 10, 1979); *see United States v. McGaughey*, 977 F.2d 1067, 1071 (7th Cir. 1992) (in suit on tax-related debt, court found that secondary evidence may be introduced, but it must first be demonstrated that the original document has actually been destroyed or lost); *Urban v. United States*, No. 03 C 6630, 2005 WL 1819954, at *3 (N.D. Ill. June 9, 2005) (same). Therefore, trustworthy testimony about the document may be admitted.

Further, because oral consent to search a residence is sufficient, there is no requirement that the consent be in writing. *United States v. Dean*, 550 F.3d 626, 630-31 (7th Cir. 2008) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973)). Accordingly, credible testimony that Ms. Moyer gave oral consent (whether or not reduced to writing) is admissible.

Consequently, although the consent form purportedly executed by Ms. Moyer cannot be located, secondary evidence that she gave consent is admissible at trial. The manner, nature, and breadth of consent purportedly given by Ms. Moyer is, of course, subject to cross-examination and dispute by Mowrey and any witnesses testifying on his behalf. *See Dean*, 550 F.3d at 630

(whether consent was given is an issue of credibility).

Because, however, a copy of the executed consent was not timely produced, if indeed it ever existed, it is excludable.  *See* Fed. R. Civ. P. 26(a), 37.

## II.  CONCLUSION

For the foregoing reasons, Mowrey's supplemental motion *in limine* No. 10 (Docket # 82) is DENIED.

SO ORDERED.

Enter for the 30th day of December, 2013.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
