UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| FOSTER MOWREY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 1:12-CV-121 |
| CITY OF FORT WAYNE, et al., | ) ) ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Before the Court is Defendants' objection to the Court's Proposed Preliminary Jury Instruction No. 5 (Docket # 77),[1] in which Defendants contend that the proposed preliminary instruction should be amended to include language on the defense of contributory negligence to Plaintiff's state law battery claim. Because contributory negligence is not a defense to an intentional tort such as battery, the Defendants' objection will be DENIED.

It is a fundamental principle of tort law that "where the defendant's conduct is actually intended to inflict harm upon the plaintiff, there is a difference, not merely in degree but in the kind of fault; and the defense [of contributory negligence] never has been extended to such intentional tort. Thus it is no defense to assault or battery." W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 65, at 462 (5th ed. 1984); *see* Restatement (Second) of Torts § 481

---

[1] The parties mistakenly refer to the motion as Plaintiff's Objection to Defendants' Proposed Jury Instruction No. 20. At the December 16, 2013, trial management conference, in which the Court asked both Plaintiff and Defendants whether they had an objection to any proposed jury instruction, Plaintiff did not object to Defendants' proposed jury instruction No. 20. (Docket # 84.) Instead, Defendants objected to the Court's Proposed Preliminary Jury Instruction No. 5, and argued that its proposed jury instruction No. 20 correctly stated the law. Accordingly, Plaintiff was instructed by the Court to file its response to Defendants' Objection (incorrectly submitted as Plaintiff's Objection to Defendant's Proposed Jury Instruction No. 20 (Docket # 86)) and Defendant was instructed to file a reply (incorrectly submitted as Defendants' Response to Plaintiff's Objection to Defendants' Proposed Jury Instruction No. 20 (Docket # 88)).

("The plaintiff's contributory negligence does not bar recovery against a defendant for harm caused by conduct of the defendant which is wrongful because it is intended to cause harm to some legally protected interest of the plaintiff or a third person."). Cases following this overarching principle are legion; Indiana being no exception. *See Wallace v. Rosen*, 765 N.E.2d 192, 199 n.4 (Ind. Ct. App. 2002); *see also Shipler v. Gen. Motors Corp.*, 710 N.W.2d 807, 825 (Neb. 2006); *McClain v. Training & Dev. Corp.*, 572 A.2d 494, 497 (Me. 1990); *Flanagan v. Riverside Military Acad.*, 460 S.E.2d 824, 827 (Ga. Ct. App. 1995); *Fitzgerald v. Young*, 670 P.2d 1324, 1326 (Idaho Ct. App. 1983); *S. Tex. Lloyds v. Jones*, 273 So. 2d 853, 855 (La. Ct. App. 1973); *Frontier Motors, Inc. v. Horrall*, 496 P.2d 624, 627 (Ariz. Ct. App. 1972).

The Defendants' contention that contributory negligence is a defense to Plaintiff's state law battery claim relies entirely on a misreading of the scope of the holding in *Brewer v. Indiana Alcohol and Tobacco Commission*, 954 N.E.2d 1023, 1030-31 (Ind. Ct. App. 2011). Although the jury instruction in dispute in that case pertained to a contributory negligence jury instruction to an intentional tort, the only issue before the court was whether the instruction was improper because "it did not specify that any negligence by [Plaintiff] must have been simultaneous with the fault of the [Defendants]." *Id.* at 1030. Put another way, the precise issue of whether the defense of contributory negligence applies to an intentional tort was not appealed to the *Brewer* court. As indicated above, courts have uniformly found that a plaintiff's contributory negligence is no defense to an intentional tort claim, *McGill v. Duckworth*, 944 F.2d 344, 352-53 (7th Cir. 1991) (abrogated on other grounds); *Brewer* did not disturb this accepted, long-standing principle. *See Whitehead v. Mathaway*, 85 Ind. 85, 87-88 (1882) (explaining that the defense of contributory negligence does not apply to intentional torts).

2

For the foregoing reasons, Defendants' objection to the Court's Proposed Preliminary Jury Instruction No. 5 (Docket # 77) is overruled and DENIED.

SO ORDERED.

Enter for the 30th day of December, 2013.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
